IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DeShawn Lee Powell, | ) | Case No. 1:21-cv-03133-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Lee Correctional, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on December 20, 2021. ECF Nos. 13, 14. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, and Respondent filed a Reply. ECF Nos. 28, 29.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 31, 2022, the Magistrate Judge issued a Report recommending that Respondent's Motion for Summary Judgment be granted and the Petition be dismissed. ECF No. 30. Petitioner filed objections to the Report. ECF No. 38.

1

**BACKGROUND**

Petitioner was indicted for murder by the Orangeburg County grand jury.[1]  App. 561–63.  Petitioner's trial began on May 15, 2012, and he was represented by Margaret Hinds and Douglas Mellard ("trial counsel").  App. 3–444.  Petitioner was convicted of the lesser included offense of voluntary manslaughter and was sentenced to 30 years of imprisonment.  App. 428, 443.

Petitioner appealed and Kathrine H. Hudgins ("appellate counsel") filed an *Anders*[2] brief raising one issue.  App. 546–56.  Petitioner also filed a pro se brief.  ECF No. 13-3 at 3–20.  The South Carolina Court of Appeals dismissed the appeal and granted appellate counsel's motion to withdraw on July 29, 2015.  ECF No. 13-4.

Petitioner filed a pro se application for post-conviction relief ("PCR") on August 24, 2015.  App. 445–56.  A hearing was held on the application on October 27, 2016.  App. 465–527.  The Court heard testimony from Petitioner, Petitioner's half-brother Maurice Tucker, Hinds and admitted two exhibits.  On January 9, 2017, the PCR Court issued an order denying the requested relief and dismissing the PCR application with prejudice.  App. 528–34.  Petitioner filed a motion pursuant to South Carolina Rule of Civil Procedure 59(e) arguing the PCR court's order did "not contain specific finding of fact and

---

[1] Petitioner was also indicted for possession of a weapon during the commission of a violent crime; however, that charge was nolle prossed.

[2] A brief filed pursuant to *Anders v. California,* 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

conclusions of law regarding each of the claims presented at the evidentiary hearing." App. 535. The PCR court issued a second order denying relief, which was filed on September 8, 2017. App. 537–45.

Petitioner appealed the PCR court's order by filing a petition for writ of certiorari in the Supreme Court of South Carolina. ECF No. 13-8. The South Carolina Court of Appeals denied the petition on September 25, 2020.[3] Petitioner filed the present action on September 22, 2021. ECF No. 1.

## APPLICABLE LAW

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

---

[3] By order dates December 11, 2018, the Supreme Court of South Carolina transferred the PCR appeal to the South Carolina Court of Appeals.

that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

***Habeas Corpus***

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In the event that a ground was not adjudicated on the merits in any state court, then the court reviews the merits of the claim de novo. *See Cone v. Bell*, 556 U.S. 449, 472 (2009); *Winston v. Kelly*, 592 F.3d 535, 553–54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on

4

the merits' in state court. When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo.").

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C.App.Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433

6

U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental

7

miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

***Ineffective Assistance of Counsel***

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, a petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id*. at 687–88. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

8

**DISCUSSION**

As an initial matter, the Magistrate Judge provides a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. As interpreted by the Magistrate Judge, Petitioner raises 13 Grounds in his Petition. The Magistrate Judge recommends finding that summary judgment should be granted as to all Grounds. Petitioner objects. In making its ruling, the Court has reviewed the record, the Report, and the applicable law de novo.

In the Motion for Summary Judgment, Respondent contends that all Grounds except those related to trial counsel's failure to call Tucker at trial were procedurally defaulted. ECF No. 13 at 20. The Magistrate Judge determined that Petitioner also exhausted his claims with respect to the incomplete trial transcript. ECF No. 30 at 21. The Magistrate Judge recommended dismissal of all of Petitioner's Grounds except Grounds Three, Four, Seven, and Eight as procedurally barred. Neither party has objected to this finding. Upon review, the Court agrees that these Grounds were not procedurally defaulted. Out of an abundance of caution, the Magistrate Judge continued to address the merits of each claim. Liberally construing Petitioner's objections, the undersigned finds that he has arguably made a specific objection with respect to Grounds One, Three, Four, Seven, and Eight. Accordingly, the Court will analyze these claims on the merits as the Magistrate Judge did. With respect to the remaining Grounds, the Court finds that they are procedurally barred and Petitioner has not demonstrated cause for the

9

default, actual prejudice, or that failure to consider the barred grounds will result in a fundamental miscarriage of justice.[4]  *See Coleman*, 501 U.S. at 750.

### Ground One

In Ground One, Petitioner alleges trial counsel was ineffective in the investigation of DNA evidence found at the scene. ECF No. 6-1 at 17. Specifically, he contends that Doris Dash's DNA was found and trial counsel failed to investigate whether she was the actual culprit.

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. App. 539–40. The PCR court found that,

> Applicant also failed to show how he was prejudiced by trial counsel's alleged failure to further investigate. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to result." Porter v. State, 368 S.C. 378, 385-86, 629 S.E.2d 353, 357 (2006).
>
> This Court finds trial counsel made reasonable efforts to investigate the circumstances of the murder with the assistance of Applicant. Therefore, this Court finds Applicant failed to show how trial counsel's investigation was deficient or how he was prejudiced by a lack of further investigation. Accordingly this Court denies and dismisses this allegation.

---

[4] Alternatively, as stated above, the Court has reviewed the Report, the record, and the applicable law de novo and agrees with the Magistrate Judge's recommendation regarding the merits of Petitioner's defaulted Grounds.

App. 541.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  As explained in more detail by the Magistrate Judge, Hinds testified at the PCR hearing that the DNA at the scene that did not belong to Petitioner or the victim was not identified.  ECF No. 13-6 at 18.  After refreshing her memory, Hinds stated that the DNA had been identified and that her investigator had spoken with Dash.  She further testified that Dash's DNA at the scene did not change her trial strategy, which was essentially that the State had no evidence to link Petitioner to the murder.

Petitioner seems to argue that Hinds's trial strategy was unreasonable and that she had no articulable reason for failing to investigate the DNA evidence further.  However, as stated above, Hinds explained her reasoning that she did not think the presence of other DNA at the scene helped her case.  "Where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel."  *Whitehead v. State*, 417 S.E.2d 529, 531 (S.C. 1992) (citing *Goodson v. State*, 564 F.2d 1071 (4th Cir.1977)); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

11

challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (Internal citation omitted)). Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### *Ground Three*

In Ground Three, Petitioner argues that he was prejudiced by appellate counsel's failure to obtain a complete record of his trial. It is undisputed that the transcripts for jury selection and a *Jackson v. Denno* hearing[5] are missing.

With respect to his direct appeal, appellate counsel explained that the jury qualification was available but the selection itself was missing. Appellate counsel spoke with Hinds and she informed him that she did not make any objections during jury selection. Accordingly, appellate counsel concluded that the transcript was not needed for the direct appeal. ECF No. 28-1 at 18.

---

[5] *See Jackson v. Denno,* 378 U.S. 368 (1964) (setting forth pre-trial procedures by which to determine the voluntariness of a defendant's confession).

With respect to the *Jackson v. Denno* hearing, James Shumpert's testimony is missing; however, Petitioner's testimony and the trial court's ruling are transcribed. App. 171–82. Moreover, Shumpert's testimony about finding the knife on Petitioner's porch is available in the trial transcript. *See, e.g.*, App. 196.

"[A] criminal defendant has a right to a meaningful appeal based on a complete transcript." *United States v. Brown*, 202 F.3d 691, 696 (4th Cir. 2000) (citing *United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999)). When a transcript is less-than-complete, the court must determine whether the alleged omissions or deficiencies justify a new trial. *Huggins*, 191 F.3d at 536. To obtain a new trial based on omissions from a trial transcript, the defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal. *United States v. Gillis*, 773 F.2d 549, 554 (4th Cir. 1985). Prejudice is present when a trial transcript is so deficient that it is "impossible for the appellate court to determine if the [lower] court has committed reversible error." *Huggins*, 191 F.3d at 537 (citation omitted).

As explained in more detail by the Magistrate Judge, there is no indication that Shumpert's testimony at trial would have been substantially different from the testimony that is missing from the hearing transcript. Further, Petitioner has failed to demonstrate that the missing sections of the transcript prevented him from perfecting an appeal or has impacted the trajectory of his case at all. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

*Grounds Four, Seven, and Eight*

In Grounds Four, Seven, and Eight, Petitioner contends that he was prejudiced by trial counsel's refusal to call Tucker as a witness. Petitioner asserts that he would have testified that there was no knife on Petitioner's front porch.

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. App. 539–40. The PCR court found that,

> Applicant's half-brother, Maurice Tucker, testified at the evidentiary [hearing] that he did not see the murder weapon, which was found at Applicant's home on the porch, when he entered the
> home that morning. The substance of this testimony was already in evidence from law enforcement. Law enforcement entered the home and also did not see the knife until they were exiting the home. Tucker testifying he did not see the knife when he went into the home adds no new evidence for the jury to consider. Law enforcement found the knife later that day on Applicant's front porch. Trial counsel testified she chose not to introduce Tucker's testimony because she did not believe the testimony was stronger than having the final closing argument. During closing argument, trial counsel's strategy was to argue law enforcement did not have enough evidence to convict Applicant beyond a reasonable doubt. "Where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel." Stokes v. State, 308 S.C. 546, 419 S.E.2d 778 (1992).
>
> This Court finds trial counsel made reasonable efforts to investigate the circumstances of the murder with the assistance of Applicant. Therefore, this Court finds Applicant failed to show how trial counsel's defense of the knife was deficient or how he was prejudiced by trial counsel's choice of

14

> argument. Accordingly, this Court denies and dismisses this allegation.
>
> ***
>
> [T]rial counsel had her office's investigator investigate each of Applicant's potential alibis and witnesses. Further, trial counsel herself interviewed a number of witnesses in preparation for the trial. Trial counsel also presented mitigating evidence on Applicant's behalf after he was found guilty. Applicant failed to show how he was prejudiced by trial counsel's failure to further investigate mitigating evidence. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to result" Porter, 368 S.C. at 385–86, 629 S.E.2d at 357.
>
> This Court finds trial counsel made reasonable efforts to investigate the circumstances of the murder with the assistance of Applicant. Therefore, this Court finds Applicant failed to show how trial counsel's investigation was deficient or how he was prejudiced by a lack of further investigation into mitigation. Accordingly, this Court denies and dismisses this allegation.

App. 541–42. The PCR court's denial of Petitioner's claims was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

As explained in more detail by the Magistrate Judge, with respect to Petitioner's claims regarding potential alibi witnesses, the only alibi he identified at PCR was Tucker. ECF No. 13-5 at 488–89. However, Tucker was only able to testify that he did not see the knife on the porch upon entering that morning. Petitioner fails to identify any other deficiency in trial counsel's handling of the alibi issue.

With respect to her decision not to call Tucker as a witness, Hinds articulated a valid trial strategy. Clearly, Petitioner disagrees with that decision now; however, that is not the standard applicable to this action. *See Stokes*, 419 S.E.2d at 779 (explaining where "counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel") (citing *Whitehead v. State*, 417 S.E.2d 529, 531 (S.C. 1992))). Accordingly, Petitioner is not entitled to habeas corpus relief on these grounds.

### *Motion to Amend*

The Magistrate Judge recommended that Petitioner's Motion to Amend his Petition be denied as futile. Petitioner has not objected to this recommendation. Nevertheless, out of an abundance of caution, the undersigned has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees that Petitioner's Motion to Amend is futile.

## **CONCLUSION**

Upon a de novo review of the record, the Report, and the applicable law, the Court agrees with and adopts the recommendation of the Magistrate Judge. Respondent's

Motion for Summary Judgment [14] is **GRANTED** and the Petition is **DISMISSED**. The Motion to Amend [24] is **DENIED**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

August 30, 2022
Spartanburg, South Carolina